UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ricardo C. Jenkins,<br><br>Plaintiff,<br><br>v.<br><br>District of Columbia *et al.*,<br><br>Defendants. | Case: 1:16-cv-02096 (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 10/21/2016<br>Description: Pro Se Gen. Civil Jury Demand |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of the District of Columbia. He alleges that at the time of the events forming the basis of this action, he was in the custody of both the District of Columbia and the United States. Plaintiff alleges that while on supervised release in November 2014, he was assaulted by a client at a re-entry center run by the Court Services and Offender Supervision Agency (CSOSA), which is the federal agency responsible for supervising District of Columbia

1

Code offenders released to probation, parole, and supervision. *See* D.C. Code § 24-133. Plaintiff sues the District and the United States for negligence as the "entities" he alleges were responsible for his "safety and well being" at the time. Compl. at 1. He seeks $5 million in monetary damages for "mental pain and suffering." *Id.* at 3.

The complaint's allegation do not present a federal question, and diversity jurisdiction is inapplicable because "the District of Columbia, like a state, is not a citizen of a state (or of itself) for diversity purposes[.]" *Barwood, Inc. v. D.C.*, 202 F.3d 290, 292 (D.C. Cir. 2000) (citing *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987)). In addition, a tort claim against the United States cannot proceed until a claimant has exhausted his remedies at the administrative level, which entails presenting the claim "first . . . to the appropriate Federal agency" and obtaining a final written denial. 28 U.S.C. § 2675(a). This exhaustion requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *see Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"). Plaintiff has not suggested that he has pursued his administrative remedies. Therefore, this case will be dismissed.

/s/ _____
United States District Judge

DATE: October 13, 2016